ACCEPTED
15-25-00205-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/6/2026 1:34 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/6/2026 1:34:46 PM
CHRISTOPHER A. PRINE
Clerk

**No. 15-25-00205-CV**

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

David Saucedo,
*Appellant,*

v.

Texas Medical Board; Sherif Zaafran, M.D.; Stephen Brint Carlton; Sharon J. Barnes; Devinder S. Bhatia, M.D.; Michael E. Cokinos; Garry Crain; George L. Deloach, D.O.; James S. Distefano, D.O.; Kandace B. Farmer, D.O.; Mary Green, M.D.; Tomeka M. Herod; Zach Jones, M.D.; Robert D. Martinez, M.D.; Luann Morgan; Jayaram B. Naidu, M.D.; Manuel Quinones, Jr., M.D.; Luisa Del Rosal; Jason K. Tibbels, M.D.; Linda Troncoso; and David G. Vanderweide, M.D., in their Official Capacities as Members of the Texas Medical Board,
*Appellees*.

*On Appeal from Cause No. D-1-GN-23-0026*
*in the 126th Judicial District Court, Travis County, Texas,*
*Hon. Maria Cantú Hexsel*

**APPELLANT'S BRIEF**

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

GEORGE E. HYDE
Texas Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas Bar No. 24037698
mweston@txlocalgovlaw.com

**ORAL ARGUMENT REQUESTED**

# IDENTITIES OF PARTIES AND COUNSEL

In order that the members of this Court may determine disqualification and recusal pursuant to the Texas Rules of Appellate Procedure, Appellant certifies that the following is a complete list of the parties, attorneys, and other persons with a financial interest in the outcome of this lawsuit:

| **Appellants:** | **Attorneys for Appellants:** |
|---|---|
| David Saucedo | George E. Hyde |
| | Matthew L. Weston |
| | |
| | **Hyde Kelley LLP** |
| | 2806 Flintrock Trace |
| | Suite A104 |
| | Austin, Texas 78738 |
| | Telephone: (512) 686-0700 |
| | Facsimile: (866) 929-1641 |
| | |
| **Appellees:** | **Attorneys for Appellees:** |
| Texas Medical Board | Patrick Todd |
| | |
| Sherif Zaafran, M.D., in his official capacity as President of the Texas Medical Board | **Office of the Attorney General of Texas** |
| | Administrative Law Division |
| Stephen Brint Carlton, in his official capacity as Executive Director of the Texas Medical Board | P.O. Box 12548, Capitol Station |
| | Austin, Texas 78711-2548 |
| | Telephone: (512) 475-4300 |
| | Facsimile: (512) 320-0167 |
| Sharon J. Barnes, in her official capacity as a member of the Texas Medical Board | |
| | |
| Devinder S. Bhatia, M.D., in his official capacity as a member of the Texas Medical Board | |

Michael E. Cokinos, in his official
capacity as a member of the Texas
Medical Board

Garry Crain, in his official capacity as a
member of the Texas Medical Board

George L. De Loach, D.O., in his official
capacity as a member of the Texas
Medical Board

James S. Distefano, D.O., in his official
capacity as a member of the Texas
Medical Board

Kandace B. Farmer, D.O. in her official
capacity as a member of the Texas
Medical Board

Mary Green, M.D., in her official
capacity as a member of the Texas
Medical Board

Tomeka M. Herod, in her official
capacity as a member of the Texas
Medical Board

Zach Jones, M.D., in his official capacity
as a member of the Texas Medical Board
Robert D. Martinez, M.D., in his official
capacity as a member of the Texas
Medical Board

LuAnn Morgan, in her official capacity
as a member of the Texas Medical Board

Jayaram B. Naidu, M.D., in his official
capacity as a member of the Texas
Medical Board

Manuel Quinones, Jr., M.D., in his
official capacity as a member of the
Texas Medical Board

Luisa del Rosal, in her official capacity
as a member of the Texas Medical Board

Jason K. Tibbels, M.D., in his official
capacity as a member of the Texas
Medical Board

Linda Troncoso, in her official capacity
as a member of the Texas Medical Board

David G. Vanderweide, M.D., in his
official capacity as a member of the
Texas Medical Board

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL .........................................................1

TABLE OF CONTENTS.................................................................................4

INDEX OF AUTHORITIES.............................................................................6

JURISDICTIONAL STATEMENT ...................................................................9

ORAL ARGUMENT REQUESTED..................................................................9

STATEMENT OF THE CASE........................................................................10

ISSUES PRESENTED FOR REVIEW .............................................................12

STATEMENT OF FACTS .............................................................................13

SUMMARY OF THE ARGUMENT .................................................................18

ARGUMENT AND AUTHORITIES................................................................19

    I.       Issue One: Saucedo Affirmatively Demonstrated the Trial Court's
            Jurisdiction to Hear his Section 2001.171 Claim ................................19

       A.     Applicable Law ....................................................................19
       B.     Saucedo Affirmatively Demonstrated or Raised a Fact Issues Regarding
           the Trial Court's Jurisdiction over his Section 2001.171 Claim ...........20

    II.      Issue Two: Saucedo Affirmatively Demonstrated the Trial Court's
            Jurisdiction over his Constitutional Claims and Raised a Fact Issue
            Related to these Claims........................................................29

       A.     Saucedo Met His Pleading and Evidentiary Burden for His
           Constitutional Claims..........................................................29

III. Issue Three: Saucedo Met his Pleading and Evidentiary Burden for His Unchallenged Ultra Vires Claim............................................................32

IV. Issue Four: Saucedo Should Have Been Granted Leave to Amend ......35

V. Issue Five: the Trail Court Abused Its Discretion by Denying Saucedo's Motion to Compel Jurisdictional Discovery ...........................................36

VI. The Combined Errors Were Harmful and Require Reversal and Remand ................................................................................................................39

PRAYER ...................................................................................................................39

COMPLIANCE CERTIFICATE ..............................................................................41

CERTIFICATE OF SERVICE ................................................................................41

APPENDIX ..............................................................................................................42

# INDEX OF AUTHORITIES

Page(s)

Cases

*Bland Indep. Sch. Dist. v. Blue*,
  34 S.W.3d 547 (Tex. 2000)..........................................................................36
*CenterPoint Energy Entex v. R.R. Comm'n of Tex.*,
  213 S.W.3d 364 (Tex. App.—Austin 2006, no pet.)...........................................24
*City of Beaumont v. Bouillion*,
  896 S.W.2d 143 (Tex. 1995)................................................................. 29, 31
*City of Boerne v. Flores*,
  521 U.S. 507, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997)...............................31
*City of El Paso v. Heinrich*,
  284 S.W.3d 366 (Tex. 2009)................................................................. 33, 38
*Hearts Bluff Game Ranch, Inc. v. State*,
  381 S.W.3d 468 (Tex. 2012)........................................................................36
*Heckman v. Williamson Cnty.*,
  369 S.W.3d 137 (Tex. 2012)........................................................................19
*In re Christianson Air Conditioning & Plumbing*, LLC,
  639 S.W.3d 671 (Tex. 2022)........................................................................39
*Mission Consol. Indep. Sch. Dist. v. Garcia*,
  372 S.W.3d 629 (Tex. 2012)........................................................................39
*Mitchell Cnty. v. City Nat. Bank*,
  91 Tex. 361, 43 S.W. 880 (1898)................................................................31
*Phillips v. McNeill*,
  635 S.W.3d 620 (Tex. 2021)........................................................................33
*St. Agnes Academy v. Texas Alcoholic Beverage Commission*,
  391 S.W.3d 277 (Tex. App.—Austin 2012, no pet.)............................ 26, 27, 28
*State v. Loe*,
  692 S.W.3d 215 (Tex. 2024)........................................................................31
*Tex. Dep't of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217 (Tex. 2004)................................................................. passim
*Tex. Dep't of Protective & Regulatory Services v. Mega Child Care, Inc.*,
  145 S.W.3d 170 (Tex. 2004)................................................................. 20, 25, 26
*Tex. Nat. Res. Conservation Comm'n v. IT-Davy*,
  74 S.W.3d 849 (Tex. 2002)........................................................................19
*Town of Shady Shores v. Swanson*,
  590 S.W.3d 544 (Tex. 2019)........................................................................20

*Trump v. Anderson*,
    601 U.S. 100, 144 S. Ct. 662, 218 L. Ed. 2d 1 (2024)...........................................31
*Univ. of Tex. Med. Sch. at Houston v. Than*,
    901 S.W.2d 926 (Tex. 1995)....................................................................38

Statutes

Article 1, Section 19 of the Texas Constitution................................................ 29, 30
Article 1, Section 27 of the Texas Constitution.......................................................30
Tex. Alco. Bev. Code § 11.67(a) .............................................................................27
Tex. Const. art. I, § 29............................................................................................31
Tex. Gov. Code § 22.220(d) ......................................................................................9
Tex. Gov't Code § 2001.003(1)................................................................................25
Tex. Gov't Code § 2001.003(5) ...............................................................................21
Tex. Gov't Code § 2007.071 .......................................................................... passim
Tex. Gov't Code § 2001.175(b).................................................................................37
Tex. Occ. Code § 154.053(a) ...................................................................................33
Tex. Occ. Code § 154.056 (a)(2), (4).......................................................................33
Tex. Occ. Code § 154.056(a)(2)...............................................................................34
Tex. Occ. Code § 154.058(b)....................................................................................34
Tex. Occ. Code § 164.001 ........................................................................................28
Tex. Occ. Code § 164.002 ........................................................................................28
Tex. Occ. Code § 164.0025 ......................................................................................28
Tex. Occ. Code § 164.003 ........................................................................................26
Tex. Occ. Code § 164.0035 ......................................................................................28
Tex. Occ. Code § 164.005 ................................................................................ 27, 28
Tex. Occ. Code § 164.009 .......................................................................... 25, 26, 28
U.S. Const. amend. XIV, § 1 ...................................................................................30
Vernon's Ann.Civ.St. art. 4495b, §  4.09 (1984) ....................................................26

Rules

Tex. R. App. P. 9.4(i)(3) ...........................................................................................41
Tex. R. App. P. 38.1(e), 39.1(d) ..........................................................................9, 11
Tex. R. App. P. 39.1(b).............................................................................................9
Tex. R. App. P. 39.1(c).............................................................................................9

Regulations

22 Tex. Admin. Code § 178.5..................................................................................21
22 Tex. Admin. Code § 178.7..................................................................................22

22 Tex. Admin. Code § 178.8 ........................................................................... 22, 23

Other Authorities

50 TexReg 369 ..................................................................................................21
S.B. 1062 ..........................................................................................................26

Record References

CR _____          Clerk's Record [Page Number]

Supp. CR _____          Supplemental Clerk's Record [Page Number]

## JURISDICTIONAL STATEMENT

The trial court granted the Texas Medical Board's ("TMB") Plea to the Jurisdiction ("Plea") and denied David Saucedo's ("Saucedo") Motion for Reconsideration on October 20, 2025.[1] Saucedo timely filed his Notice of Appeal on November 10, 2025.[2] Additionally, this Court has exclusive intermediate appellate jurisdiction because it is a civil appeal brought against an agency of the executive branch of state government and against an officer or employee of a state board arising out of the officer or employee's official conduct.[3]

## ORAL ARGUMENT REQUESTED

The Court should grant oral argument for the following reasons:

a. The issues presented have not been authoritatively decided.[4]

b. Oral argument would allow the Court to better analyze the complex legal issues presented in this appeal.[5]

c. Oral argument would significantly aid the Court in deciding this case.[6]

---

[1] CR 211-12.
[2] CR 213-16.
[3] Tex. Gov. Code § 22.220(d).
[4] *See* Tex. R. App. P. 39.1(b).
[5] *See* Tex. R. App. P. 39.1(c).
[6] *See* Tex. R. App. P. 38.1(e), 39.1(d).

## STATEMENT OF THE CASE

Saucedo filed his Original Petition on May 12, 2023, seeking judicial review pursuant to Section 2001.171 of the Texas Government Code of the TMB's dismissal of his complaint against Dr. Roberto Canales.[7] Among other matters, Saucedo alleged that the TMB failed to meet its statutory obligation to conduct a competent investigation of his complaint.[8] The Board filed a Plea to the Jurisdiction on July 28, 2023, challenging the trial court's jurisdiction over Saucedo's lawsuit because of sovereign immunity.

On May 22, 2025, Saucedo served jurisdictional discovery on the TMB.[9] The TMB objected to each request and did not provide responsive documents.[10] On August 18, 2025, Saucedo filed a Motion to Compel Jurisdictional Discovery, Motion for Continuance and Request for Attorneys' Fees ("Motion to Compel").[11] On August 25, 2025, Saucedo filed his Third Amended Petition, adding an ultra vires claim against Board Members[12] and adding further factual allegations in support of

---

[7] CR 3-20.
[8] CR 11.
[9] Supp. CR 193-99.
[10] Supp. CR 201-21.
[11] CR 112-26.
[12] That is, Sherif Zaafran, M.D., Sharon J. Barnes, Devinder S. Bhatia, M.D., Michael E. Cokinos, Garry Crain, George L. De Loach, D.O., James S. Distefano, D.O., Kandace B. Farmer, D.O., Mary Green, M.D., Tomeka M. Herod, Zach Jones, M.D., Robert D. Martinez, M.D., LuAnn Morgan, Jayaram B. Naidu, M.D., Manuel Quinones, Jr., M.D., Luisa del Rosal, Jason K. Tibbels, M.D., Linda Troncoso, and David G. Vanderweide, M.D., in their official capacities as a members of the Texas Medical Board.

its other claims.[13] Saucedo then filed his Fourth Amended Petition for Judicial Review and Declaratory Relief ("Fourth Amended Petition") on September 9, 2025.[14]

Saucedo's Motion to Compel was denied by the trial court on September 5, 2025.[15] Saucedo filed a Motion for Reconsideration,[16] which the trial court denied on October 20, 2025.[17] That same day, the trial court granted the TMB's Plea.[18] This appeal followed.

---

[13] *Id*.
[14] CR 128-210.
[15] CR 127.
[16] CR 434.
[17] CR 211.
[18] CR 212.

## ISSUES PRESENTED FOR REVIEW

Issue One:     Saucedo met his pleading and evidentiary burden for his claim under Section 2001.171 of the Texas Government Code. The trial court has subject matter jurisdiction over this claim.

Issue Two:     Saucedo met his pleading and evidentiary burden for his constitutional claims. The trial court has jurisdiction over these claims.

Issue Three:     Saucedo met his pleading and evidentiary burden for his ultra vires claims. The trial court has jurisdiction over these claims.

Issue Four:     Saucedo should have been granted leave to amend.

Issue Five:     The trial court abused its discretion by denying Saucedo's Motion to Compel.

## STATEMENT OF FACTS

The following facts are taken from Plaintiff's Fourth Amended Petition and are presumed true for the purposes of a plea to the jurisdiction.[19]

Dr. Roberto Canales failed to evaluate and treat David Saucedo's daughter for a shunt malfunction, resulting in the three-year old's death on September 3, 2019.[20] At that time, Saucedo was an appointee on the Texas Board of Nursing.[21] In July 25, 2019, West Coast University proposed to establish a nursing program in Dallas.[22] Saucedo voted against the proposal because it did not meet Texas' standards.[23] He subsequently received calls from the Governor's office questioning his vote and a text from the General Counsel of the Board of Nursing:

> Counsel:   "Since the July meeting and no action vote on West Coast University there has been some significant interest generated from lobbyists and the governor's office.
>
> Saucedo:   "Guess I pissed off the wrong people."
>
> Counsel:   "You bet."[24]

On April 3, 2020, Saucedo submitted a complaint to the Texas Medical Board, including a sworn affidavit, that Canales failed to practice medicine with the minimum standard of care resulting in the death of Saucedo's daughter.[25] On May

---

[19] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 238 (Tex. 2004).
[20] CR 136.
[21] CR 149.
[22] *Id.*
[23] *Id.*
[24] CR 149.
[25] CR 136.

7, 2020, the TMB acknowledged receipt of Saucedo's complaint and stated that it was initiating an investigation to determine whether a violation of the Medical Practice Act occurred.[26] The TMB stated that during the course of the investigation and until a final disposition is made, Saucedo would receive a status letter approximately every ninety days.[27] That same day, a TMB investigator provided contact information and asked Saucedo to sign a waiver to disclose his identity.[28]

Saucedo received form letters from the TMB approximately every ninety days between May 7, 2020, and September 13, 2021.[29] There is no indication that the TMB performed any investigation after September 2021.[30] The TMB did not contact Saucedo during this time.[31]

On August 10, 2020, Saucedo sued Canales and others in the El Paso District Court.[32] On October 16, 2020, the TMB mailed Saucedo a letter stating that there was insufficient evidence—in spite of the fact that there was a pending lawsuit by Saucedo against Canales—to prove that a violation of the Medical Practices Act occurred and Canales appropriately admitted Saucedo's daughter to the hospital and provided proper treatment for her. [33]

---

[26] CR 137.
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] CR 137.
[32] *Id.*
[33] CR 138-39.

Five days later, on October 21, 2020, Saucedo requested an appeal of the TMB's dismissal.[34] Saucedo included an expert report by Dr. Bradley Peterson, including curriculum vitae and a sworn affidavit from Dr. Tom Mayes along with a copy of a wrongful death petition regarding Saucedo's daughter which again was filed in El Paso district court.[35]

On November 2, 2020, the TMB sent Saucedo a letter acknowledging his request for an appeal and informing Saucedo that his appeal would be scheduled for the next Board meeting on December 3, 2020.[36] The letter further stated that TMB would notify Saucedo in writing of a final decision.[37]

On December 3, 2020, Saucedo appeared before the TMB.[38] Following the meeting the TMB sent Saucedo a letter dated December 4, 2020, which stated that the file would undergo further review and that the TMB will keep Saucedo informed about the status of the file until a final determination is made.[39] On December 21, 2020, March 24, 2021, June 23, 2021, and September 24, 2021, TMB sent Saucedo substantially similar letters stating that the investigation was active and that he would continue to be notified as to the status of the file until a final determination is made.[40]

---

[34] CR 139.
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] CR 140.
[39] *Id.*
[40] *Id.*

On June 3, 2022, Saucedo sent a letter to Dr. Sherif Zaafran, President of the TMB.[41] In this letter, Saucedo noted that he had not received a status update of his complaint since September 24, 2021, and requested a meeting to discuss TMB's failure to discipline a dangerous doctor and TMB's failure to provide 90-day letters regarding the status of the investigation.[42]

On June 9, 2022, Saucedo had a meeting with Dr. Zaafran and Executive Director Stephen Brint Carlton.[43] Dr. Zaafran and Carlton informed Saucedo that they were having difficulty finding an appropriate expert for the investigation.[44] After the meeting, Saucedo provided additional documents to supplement the TMB's investigation.[45]

On June 22, 2022, the TMB sent Saucedo a letter informing him that his complaint had been reassigned to another investigator.[46] On August 25, 2022, the TMB sent Saucedo a letter informing him that his complaint had been referred to the Litigation Department and set an Informal Settlement Conference (ISC) on December 2, 2022.[47] Saucedo and his wife appeared at the ISC via Zoom and provided a statement to the TMB.[48]

---

[41] *Id.*
[42] *Id.*
[43] CR 140.
[44] CR 140-41.
[45] CR 141.
[46] *Id.*
[47] *Id.*
[48] *Id.*

On March 6, 2023, Saucedo sent an email to the TMB urging it to take immediate action and take appropriate disciplinary action against Canales.[49] On March 7, 2023, the TMB, through its attorney, sent Saucedo a letter informing him that his complaint was dismissed on March 3, 2023.[50]

On April 6, 2023, Saucedo requested a rehearing.[51] The TMB responded on April 10, 2023, stating, "There is no more opportunity for appeal."[52]

On April 11, 2023, Saucedo emailed the TMB seeking clarification.[53] On April 12, 2023, TMB Director of Operations Christopher Palazola ("Palazola"), responded to Saucedo's April 11, 2023, email.[54] Palazola stated that appeals are limited per complaint and not related to the point at which a complaint is dismissed.

Saucedo was on the Board of the Texas Nursing Board. He has voted on many similar complaints.[55] In his experience, less egregious violations of standards of care have resulted in license revocation.[56] Saucedo's complaint is an outlier.

---

[49] *Id.*
[50] CR 141.
[51] CR 142.
[52] *Id.*
[53] *Id.*
[54] *Id.*
[55] CR 153.
[56] *Id.*

## SUMMARY OF THE ARGUMENT

Reviewing de novo, this Court should reverse the trial court's order granting the TMB's Plea. The TMB's sovereign immunity is waived pursuant to Section 2001.171 of the Texas Government Code. Saucedo met all the requirements of the statute. Section 2001.171 applies because relevant statutes are silent regarding Saucedo's right to judicial review and there is no legislative history or other evidence that the Legislature intended to preclude judicial review.

The TMB's sovereign immunity is also waived because Saucedo raised constitutional claims based upon self-executing constitutional provisions. Saucedo met his pleading and evidentiary burden with respect to these claims. The TMB's sovereign immunity is waived because Saucedo raised ultra vires claims against TMB Board Members. These claims are unchallenged and Saucedo met his pleading and evidentiary burdens.

The trial court erred by not granting leave to amend. The trial court also abused its discretion by denying Saucedo's Motion to Compel. The documents sought directly relate to jurisdictional issues and should have been provided years ago. This Court should reverse and remand.

## ARGUMENT AND AUTHORITIES

**I.      Issue One:  Saucedo Affirmatively Demonstrated the Trial Court's Jurisdiction to Hear his Section 2001.171 Claim**

The trial court erred by granting the TMB's Plea. Saucedo met his burden to affirmatively demonstrate the trial court's jurisdiction to hear his claim under Section 2001.171 of the Texas Government Code and raised fact issues regarding this claim. This Court should reverse and remand.

### A.      Applicable Law

Whether a trial court has jurisdiction is a question of law subject to *de novo* review.[57] When considering a plea to the jurisdiction, this Court's analysis "begins with the live pleadings."[58] The determination is whether a plaintiff "has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause."[59] This Court construes the live pleadings liberally in favor of the plaintiff and, unless challenged with evidence, accepts all allegations as true.[60]

When a plea challenges the existence of jurisdictional facts, the plaintiff has the burden to adduce evidence to "raise a fact question on the jurisdictional issue."[61] "[A]ll the evidence is reviewed in the light most favorable to the plaintiff to

---

[57] *See Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).
[58] *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).
[59] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).
[60] *Id*.
[61] *Id*. at 227.

determine whether a genuine issue of material fact exists.[62] If the evidence creates a

fact question regarding the jurisdictional issue, the trial court may not grant the plea,

and the fact issue will be resolved at trial by the fact finder.[63]

### B. Saucedo Affirmatively Demonstrated or Raised a Fact Issues Regarding the Trial Court's Jurisdiction over his Section 2001.171 Claim

In his Fourth Amended Petition, Saucedo pled that the TMB's sovereign

immunity is waived under Section 2001.171.[64] Section 2001.171 states,

> A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.[65]

Section 2001.171 is a limited waiver of sovereign immunity,[66] allowing for

judicial review of a final decision by a state agency for "those who satisfy the

section's threshold requirements."[67] Saucedo met his burden to allege facts and

provide evidentiary proof that his claim satisfies the section's threshold

requirements. First, he is an "individual residing in El Paso, El Paso County,

---

[62] *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).
[63] *Miranda*, 133 S.W.3d at 227–28.
[64] CR 129.
[65] Tex. Gov't Code § 2001.171.
[66] See *Tex. Dep't of Protective & Regulatory Services v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004).
[67] *Id.*

Texas;"[68] under Section 2001.003 of the Texas Government Code, "person" means an individual.[69]

Saucedo exhausted all administrative remedies. The procedures for complaint and administrative investigations are contained in sections 154.051 to 151.058 of the Texas Occupations Code and former [70] Title 22, Chapter 178 of the Texas Administrative Code. Saucedo complied with all relevant rules.

Saucedo submitted a complaint to the TMB that Dr. Roberto Canales had failed to treat or evaluate Saucedo's daughter's shunt malfunction on April 3, 2020:[71]

> 1. "My name is David Edward Saucedo II. I am over 18 years of age, of sound mind, and capable of making this affidavit. I swear that I have reason to believe and do believe that the violations alleged in this complaint has occurred. The source of my information is my first-hand account of how Dr. Roberto Canales was directly responsible for the wrongful death of my three-year-old daughter, Ivanna Maria Saucedo.

On May 7, 2020, the TMB mailed Saucedo a letter acknowledging receipt of the complaint and informing him that the TMB was initiating an investigation:[72]

> Dear MR. SAUCEDO :
>
> Based on the information you provided regarding the above referenced licensee of this agency, an investigation has been initiated to determine whether a violation of the Medical Practice Act has occurred. This case has been assigned to Juanita Garner, Senior Investigator. Ms. Garner can be reached at (512) 940-9197.

---

[68] CR 131.
[69] Tex. Gov't Code § 2001.003(5)
[70] Chapter 178 was repealed by 50 TexReg 369, effective January 9, 2025.
[71] CR 136, 157 (attached to Saucedo's Fourth Amended Petition); *see* Tex. Occ. Code § 154.051
[72] CR 137, 162; 22 Tex. Admin. Code § 178.5 (repealed effective January 9, 2025).

On October 16, 2020, TMB mailed Saucedo a letter stating that the Board determined there was insufficient evidence of his complaint:[73]

> Dear MR SAUCEDO:
>
> The investigation referenced above has been dismissed because the Board determined there was insufficient evidence to prove that a violation of the Medical Practices Act occurred. Specifically, the investigation determined Dr. Canales appropriately admitted IS to the hospital and provided proper treatment for her. Shunt malfunction was ruled out through multiple radiographic studies. Dr. Canales did not issue any orders blocking other physicians from treating his patients at the hospital. Although a catastrophic event occurred, the standard of care was met; therefore, no further action will be taken.

Five days later, on October 21, 2020, Saucedo appealed the Board's dismissal, including with his appeal an affidavit and copy of the petition Saucedo filed in El Paso district court:[74]

> Esteemed Texas Medical Board:
>
> I am submitting an appeal in response to the TMB's decision to dismiss my original complaint from April 3, 2020 without prejudice and in accordance with Board Rule 178.8.

On November 2, 2020, the TMB acknowledged Saucedo's request for an appeal and informed Saucedo that his appeal will be scheduled for the next Board meeting on December 3, 2020.[75] On December 3, 2020, Saucedo appeared before the TMB.[76] On December 4, 2020, the TMB sent Saucedo a letter stating that the file would undergo further review and the TMB will keep Saucedo informed.[77]

---

[73] CR 138, 164; 22 Tex. Admin. Code § 178.7 (repealed effective January 9, 2025).
[74] CR 139, 166; 22 Tex. Admin. Code § 178.8 (repealed effective January 9, 2025).
[75] CR 139.
[76] CR 140; 22 Tex. Admin. Code § 178.8 (repealed effective January 9, 2025).
[77] CR 140.

On June 22, 2022, the TMB sent Saucedo a letter stating that his complaint was reassigned to other investigators and referred to the Litigation Department.[78] Saucedo's complaint was set for an Informal Settlement Conference on December 2, 2022:[79]

> Dear DAVID SAUCEDO :
>
> The complaint you filed in this matter at the Texas Medical Board ("Board") has been referred to the Litigation Department of the Board and has been set for a hearing. An Informal Settlement Conference/Show Compliance ("ISC") proceeding will be held via videoconference for ROBERTO CANALES MD, on **12/02/2022**, at **1:00 PM**. During this hearing, a staff attorney will present the facts of the case and the licensee will be given an opportunity to respond. A panel of appointed board representatives will hear the case and make a recommendation to the full board as to what disciplinary action, if any, is appropriate.

Saucedo and his wife provided a statement to the TMB on December 2, 2022.[80] On March 7, 2023, TMB sent Saucedo a letter informing him that the case was dismissed on March 3, 2023 and no further action would be taken:[81]

> ...ordingly, this case was dismissed on March 3, 2023. No further action will be taken ...this complaint. A record of this matter will become a historical part of the Board's ...and ...nains statutorily confidential.

---

[78] CR 141.
[79] CR 141, 184.
[80] *Id.*
[81] CR 141-42, 197.

On April 6, 2023, Saucedo requested a rehearing.[82] TMB responded on April 12, 2023, telling Saucedo that "there is no further appeal process to pursue at TMB."[83]

It is completely understandable that you continue to pursue all avenues to review the care and treatment that your daughter received, or did not receive, and the timeliness of the evaluations and treatment in the hospital. However, while our file remains confidential pursuant to 164.007(c) of the Medical Practice Act, I do want to assure you that the Board's expert panel did include experts with appropriate medical specialties and this case was evaluated and thoroughly discussed and all evidence considered by TMB. I know that you will continue to disagree with the outcome, but at this point there is no further appeal process to pursue at TMB.

Administrative remedies are exhausted.

Saucedo is aggrieved. "To be aggrieved, a party must have a justiciable interest—that is, the agency's order must injure or threaten the party specifically and differently from the public at large."[84] Saucedo's daughter died as a result of Canales' misconduct. His interests in both ensuring the TMB follow its own procedures and in the status of Canales' license differs from the public at large. These interests, and Saucedo's injury, have a constitutional dimension, as discussed below. The TMB's decision not to impose discipline or revoke Canales' license leaves Saucedo continually exposed to the risk that the same physician will continue to practice.

The TMB proceeding was a contested case. A "contested case" is a proceeding, including a ratemaking or licensing proceeding, in which a state agency

---

[82] CR 142.
[83] CR 142, 208.
[84] *CenterPoint Energy Entex v. R.R. Comm'n of Tex.*, 213 S.W.3d 364, 368 (Tex. App.—Austin 2006, no pet.)

determines a party's legal rights, duties, or privileges after providing an opportunity for an adjudicative hearing.[85] Saucedo's complaint was a licensing proceeding, determining Canales' legal right to be a licensed physician, after providing an opportunity for an adjudicative hearing.

The TMB issued a final decision when it dismissed Saucedo's case following an Informal Settlement Conference on March 3, 2023 and stated that it would take no further action.[86]

As a matter of law, Saucedo is entitled to judicial review under Section 2001.171. The TMB's immunity is waived, because its enabling act neither specifically authorizes nor prohibits judicial review.[87] First, there is no specific language in the Occupations Code prohibiting judicial review. The Texas Occupations Code only addresses judicial review for licensed medical practitioners, providing that, "[a] person whose license to practice medicine has been revoked or who is subject to other disciplinary action by the board may appeal to a Travis County district court not later than the 30th day after the date the board decision is final."[88] The code is silent as to the availability of judicial review for third party

---

[85] Tex. Gov't Code § 2001.003(1).
[86] *Id*.
[87] Tex. Gov't Code § 2001.171; *Tex Dep't. of Protective & Regulatory Services v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004).
[88] Tex. Occ. Code § 164.009.

complainants whose complaints have been dismissed after an Informal Settlement Conference.[89]

"In the absence of express statutory language prohibiting judicial review, a legislative intent to prohibit judicial review must be established by specific legislative history or other reliable evidence of intent."[90] No legislative history or other reliable evidence of intent exists. In fact, it appears that the provisions of the Occupations Code related to the informal disposition of contested cases, passed in 1993,[91] were codified after the provision providing for judicial review of revocation of a medical license, which were codified at the latest in 1984.[92] The Legislature could not have considered dismissal following an Informal Settlement Conference when it first allowed for judicial review of disciplinary proceedings because Informal Settlement Conferences did not exist at the time.

*St. Agnes Academy v. Texas Alcoholic Beverage Commission*, 391 S.W.3d 277 (Tex. App.—Austin 2012, no pet.) is distinguishable. In *St. Agnes*, nearby landowners – a school, a civic association and a resident's association in Houston - sought judicial review of the Texas Alcoholic Beverage Commission's granting of

---

[89] "A person whose license to practice medicine has been revoked or who is subject to other disciplinary action by the board may appeal to a Travis County district court not later than the 30th day after the date the board decision is final." Tex. Occ. Code § 164.009.

[90] *Mega Child Care, Inc.*, 145 S.W.3d at 199.

[91] Tex. Occ. Code § 164.003; *see* STATE BOARD OF MEDICAL EXAMINERS—CONTINUATION—OPERATION, 1993 Tex. Sess. Law Serv. Ch. 862 (S.B. 1062) (VERNON'S).

[92] *See* Vernon's Ann.Civ.St. art. 4495b, § 4.09 (1984).

an alcoholic beverage permit in favor of Club Bellaire d/b/a El Corral.[93] The "protestants" asserted that they were entitled to judicial review under Section 2001.171 because the Alcoholic Beverage Code is silent regarding judicial review.[94] The Austin Court of Appeals disagreed. The court noted that Section 11.67 of the Alcoholic Beverage Code only allowed for judicial review "from an order of the commission or administrator cancelling or suspending a permit or license."[95] "The TABC can take only four actions on an application for an alcoholic-beverage permit—grant, refuse, cancel, or suspend."[96] According to the appellate court, by restricting judicial review to only cancelation and suspension, the Code "effectively authorizes only applicants to appeal adverse TABC decisions on permit applications."[97]

Saucedo's complaint against Dr. Canales, and his suit for review of the dismissal following an Informal Settlement Conference, has very little in common with an application for an alcoholic beverage permit. To the extent there is an "applicant" in a disciplinary proceeding, it is the TMB.[98] Saucedo was a complainant, a "credible person" making a written statement charging a person with

---

[93] *St. Agnes Acad.*, 391 S.W.3d at 278.
[94] *See id*. at 279.
[95] Tex. Alco. Bev. Code § 11.67(a).
[96] *St. Agnes Acad.*, 391 S.W.3d at 283.
[97] *Id*.
[98] Tex. Occ. Code § 164.005

committing an act. [99] Canales was the respondent. The Occupations Code contemplates a wide range of actions the TMB may take, including refusing to renew, revoking or suspending a license, placing a license holder on suspension, reprimanding a license holder, placing restrictions on a license holder's authorization to practice medicine, requiring a license holder to submit to counseling, treatment or education,[100] entering into stipulations, agreed settlements or consent orders (including remedial plans) with license holders,[101] delegating complaints to committees for informal proceedings,[102] and dismissing baseless complaints,[103] a far cry from the four options provided to the Alcoholic Beverage Commission. Section 164.009 only relate to a sliver of these action. Indeed, it is unclear, but unrelated to this matter, if an Informal Settlement Conference is a contemplated "disciplinary action" at all.

This lack of clarity is dispositive. Absent a showing of contrary intent, there is a presumptive right to judicial review and waiver of immunity.[104] TMB has not and cannot overcome this presumption. The trial court erred in holding otherwise.

---

[99] Tex. Occ. Code § 164.005
[100] Tex. Occ. Code § 164.001
[101] Tex. Occ. Code § 164.002
[102] Tex. Occ. Code § 164.0025
[103] Tex. Occ. Code § 164.0035
[104] *See St. Agnes Acad.*, 391 S.W.3d at 282 ("In *Mega Child Care*, the supreme court essentially recognized a presumption favoring judicial review of administrative actions but acknowledged that, as with all presumptions used in interpreting statutes, the presumption could be overcome by specific language, legislative history, or other reliable indicators of legislative intent.").

Reviewing de novo, this Court should reverse the trial court's order granting TMB's Plea to the Jurisdiction. Saucedo met his pleading and evidentiary burden to show the trial court had jurisdiction over his claim under Section 2001.171.

**II.     Issue Two: Saucedo Affirmatively Demonstrated the Trial Court's Jurisdiction over his Constitutional Claims and Raised a Fact Issue Related to these Claims**

This Court should reverse the trial court's order granting the TMB's Plea. Saucedo met his pleading and evidentiary burden with respect to his constitutional claims.

**A. Saucedo Met His Pleading and Evidentiary Burden for His Constitutional Claims**

Sovereign immunity is waived for suits for equitable remedies for violations of constitutional rights.[105] Saucedo met his burden to plead viable constitutional claims against TMB and to raise fact issues with respect to those claims. The trial court erred in granting TMB's Plea and this Court should reverse.

Saucedo invokes four constitutional provisions in his constitutional claims against the TMB:

      a. Article 1, Section 19 of the Texas Constitution: "No citizen of this State shall be deprived of life, liberty, property, privileges or

---

[105] *See City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995)

immunities, or in any manner disfranchised, except by the due course of the law of the land."[106]

b. Article 1, Section 27 of the Texas Constitution: "The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance."[107]

c. Due Process under the Fourteenth Amendment: "nor shall any State deprive any person of life, liberty, or property, without due process of law,"[108] which includes rights such as the right to contact, marry, and bring up children.

d. The Equal Protection under the Fourteenth Amendment: "nor deny to any person within its jurisdiction the equal protection of the laws."[109]

All of these provisions are self-executing and waive sovereign immunity. Section 19 and 27 are provisions of Texas' Bill of Rights. The Texas Constitution stipulates clearly that everything in its Bill of Rights is "excepted out of the general

---

[106] CR 145; Tex. Const. art. I, § 19.
[107] CR 145; Tex. Const. art. I, § 27.
[108] CR 145; U.S. Const. amend. XIV, § 1.
[109] CR 145; U.S. Const. amend. XIV, § 1.

powers of government" and anything in violation of it shall be void. [110] A constitutional provision is self-executing "if it supplies a sufficient rule by means of which the right given may be enjoyed and protected or the duty imposed may be enforced", and when a provision only indicates principles, it is not self-executing.[111] The Texas Constitution clearly states the means by which the rights may be protected – violations of the Bill of Rights are void. Similarly, the federal guarantees of due process and equal protection may also be protected through a request for injunctive relief.[112]

In 2024, the Texas Supreme Court in *State v. Loe* reaffirmed that fit parents have a "fundamental interest in directing the care, custody, and control of their children free from government interference."[113] When a law infringes on a fit parent's interest in directing the care, custody, and control of her child, Texas courts treat the issue as one warranting heightened scrutiny.[114]

Saucedo met his evidentiary burden with respect to these constitutional violations. In addition to providing testimony regarding the TMB's actions, he also testified as to the political machinations related to his place on the Texas Nursing

---

[110] Tex. Const. art. I, § 29; *see also City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148–49 (Tex. 1995).

[111] *See Mitchell Cnty. v. City Nat. Bank*, 91 Tex. 361, 371, 43 S.W. 880, 883–84 (1898).

[112] *See City of Boerne v. Flores*, 521 U.S. 507, 524, 117 S. Ct. 2157, 2166, 138 L. Ed. 2d 624 (1997); *see also Trump v. Anderson*, 601 U.S. 100, 121, 144 S. Ct. 662, 673, 218 L. Ed. 2d 1 (2024).

[113] See *State v. Loe*, 692 S.W.3d 215 (Tex. 2024).

[114] See *id.*

Board. Both of these matters are relevant to the constitutional claims. The TMB never made any sort of argument related to the political machinations, waiving any argument here.

Saucedo met his pleading and evidentiary burden to demonstrate violations of the Constitution, providing sufficient allegations and evidence to demonstrate that the TMB did not follow its own process, failing to investigate, failing to provide an *expert* physician panel to assist with Saucedo's claims and failing to ensure that Saucedo's complaint was not dismissed without appropriate consideration.[115] Saucedo also alleged an equal protection violation based upon the Legislature's failure to provide administrative review of complaints by certain parties.[116]

## III. Issue Three: Saucedo Met his Pleading and Evidentiary Burden for His Unchallenged Ultra Vires Claim

The trial court erred in granting the TMB's Plea. Saucedo met his burden to plead an ultra vires claim against TMB officials. This Court should reverse and remand.

First, the TMB did not challenge Saucedo's ultra vires claim. Ultra vires claims, on their face, waive a State's sovereign immunity. There is no argument that Saucedo failed to meet his pleading and evidentiary burdens to show a waiver of the TMB's immunity for the ultra vires claims. The trial court's jurisdiction over the

---

[115] CR 144-45.
[116] CR 146.

ultra vires claims is undisputed. This Court should reverse and remand for this reason alone.

A suit against a state official who has acted "ultra vires" is not a suit against the State that sovereign immunity bars.[117] "To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act."[118]

Saucedo alleged that the Board Members failed to perform ministerial acts. Pursuant to Chapter 154 of the Texas Occupations Code, Board Members shall be responsible for ensuring that a complaint is not dismissed without appropriate consideration and that the person who files a complaint has an opportunity to explain the allegations made.[119] Saucedo alleged, and the TMB never disputed, that the Board Members failed to comply with Chapter 154 in several particulars:

1. Section 154.053(a) requires the Board to "periodically notify the parties to the complaint of the status of the complaint until final disposition unless the notice would jeopardize an investigation."[120]

---

[117] *Phillips v. McNeill*, 635 S.W.3d 620, 628 (Tex. 2021).
[118] *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)
[119] Tex. Occ. Code § 154.056 (a)(2), (4).
[120] Tex. Occ. Code § 154.053(a).

Saucedo was not provided with status letters between September 21, 2021 and June 2022.[121]

2. Section 154.056 requires the Board to investigate Saucedo's complaint.[122] The Board did not do so.[123]

3. Section 154.056(e) requires the Board to "provide for an expert physician panel appointed by the board to assist with complaints and investigations relating to medical competency by acting as expert physician reviewers."[124] Section 154.058 requires that the panel "consist[] of physicians who practice in the same specialty as the physician who is the subject of the complaint or in another specialty that is similar to the physician's specialty."[125] The panel investigating Saucedo's complaint against Canales did not have a pediatric physician.[126]

4. Section 154.056(a) requires the Board to adopt rules to "ensure that a complaint is not dismissed without appropriate consideration."[127] Saucedo's complaint was not properly investigated and was

---

[121] CR 144.
[122] Tex. Occ. Code § 154.056
[123] CR 144.
[124] Tex. Occ. Code § 154.056(e).
[125] Tex. Occ. Code § 154.058(b).
[126] CR 144-45.
[127] Tex. Occ. Code § 154.056(a)(2).

dismissed without appropriate consideration.[128] Saucedo submitted his own materials to the TMB, including an expert report from a physician board-certified in pediatric critical care and the wrongful death petition against Dr. Canales to ensure that the TMB has sufficient supporting evidence to make an informed decision. Saucedo has alleged that the evidence was not diligently reviewed before his complaint was dismissed.[129]

Here, Saucedo indisputably[130] met his pleading burden to show that the Board failed to perform the above mentioned ministerial acts and acted without legal authority by not conducting adequate investigation and administrative process before dismissing his complaint. Additionally, to the extent an evidentiary challenge was made, Saucedo's Fourth Amended Petition contains a declaration and exhibits raising at the very least a fact issue as to all the allegations from the petition.

Saucedo demonstrated the trial court's jurisdiction over his ultra vires claims. The trial court erred by granting the TMB's claim. This Court should reverse.

## IV. Issue Four: Saucedo Should Have Been Granted Leave to Amend

Even if the trial court believed Saucedo's pleading to be deficient, dismissal with prejudice was improper.

---

[128] CR 145.
[129] CR 145.
[130] The TMB never even mentioned the ultra vires claims.

Under Texas law, when a plea to the jurisdiction does not affirmatively demonstrate incurable defects in jurisdiction but only challenges the sufficiency of the facts to demonstrate the trial court's jurisdiction, the plaintiff shall be afforded an opportunity to *amend the Petition rather than having the case dismissed outright on the plea*.[131] All of the allegations set out in TMB's First Amended Plea to the Jurisdiction fall short of showing any incurable jurisdictional defect. In fact, Saucedo met his pleading and evidentiary burden for all his causes of action. The TMB has not conclusively negated the existence of jurisdiction. The trial court therefore erred by granting TMB's First Amended Plea to the Jurisdiction.

## V.    Issue Five: the Trail Court Abused Its Discretion by Denying Saucedo's Motion to Compel Jurisdictional Discovery

The trial court abused its discretion in denying Saucedo's Motion to Compel Jurisdictional Discovery. This Court should reverse.

To determine if a court has jurisdiction, courts may consider evidence "and must do so when necessary to resolve the jurisdictional issues raised."[132] "[C]ourts should allow 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction.[133]

---

[131] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

[132] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

[133] *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 233).

Saucedo filed his Original Petition for Judicial Review and Declaratory Relief in accordance with Section 2001.171 of the Texas Government Code on May 12, 2023.[134] The TMB filed its first Plea to the Jurisdiction, Original Answer and Affirmative Defenses on July 28, 2023.[135] Pursuant to Section 2001.175(b), a state agency is required to provide the reviewing court the original or a certified copy of the entire record of the proceeding under review within the time permitted for filing an answer or within additional time allowed by the court.[136] The TMB had a statutory obligation to provide the record of the proceeding in *2023*, but never did so.

Instead, Saucedo was forced to seek the record in jurisdictional discovery. For example. Saucedo sought documents related to the TMB's investigation into his complaint against Canales, a matter that would have been included in the record:[137]

> **REQUEST FOR PRODUCTION NO. 18:** Produce all interview summaries, witness statements, or notes taken by Board investigators relating to the allegations against Licensee, specifically for the purpose of establishing the Board's jurisdiction over the Complaint as required by Texas Administrative Code Chapter 22, Section 178.5(e).

Saucedo also sought documents "reflecting the Board's decision to dismiss the Complaint," again a matter that would have been in the record:[138]

---

[134] CR 3.
[135] CR 21.
[136] Tex. Gov't Code § 2001.175(b).
[137] Supp. CR 199.
[138] Supp. CR 197.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Documents in the Board's possession, custody, or control regarding the Board's decision to dismiss the Complaint.

These requests relate to Saucedo's unchallenged ultra vires claims, that is, the claims that the Board Members "acted without legal authority or failed to perform a purely ministerial act."[139] By granting the TMB's Plea, the Court held that Saucedo failed to meet his burden to even plead an ultra vires claim against the Board Members. While Saucedo disputes this holding, further factual development would have allowed Saucedo to provide evidence of the full extent of, for example, the Board Members' failure to investigate.

Saucedo's discovery requests also relate to his constitutional claims. For example, the elements of a due process/due course of law claim are (1) whether there is a liberty or property interest entitled to due process protection and (2) what process is due.[140] Saucedo's discovery relates to the second element, the process that Saucedo was provided.

Saucedo established that discovery he sought was and is necessary to decide whether the trial court has jurisdiction to hear this case. Additionally, jurisdictional discovery need not be confined exclusively to jurisdictional questions and may

---

[139] *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)
[140] *See Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)

properly encompass issues that also bear on the merits.[141] Further, Texas courts consider a plea to jurisdiction have broad discretion to allow "reasonable opportunity for targeted discovery" and to afford parties additional time to develop the evidence and prepare for the hearing.[142]

The trial court denied Saucedo the very discovery needed to meet his jurisdictional burden, then faulted Saucedo for not presenting sufficient jurisdictional evidence and grant the TMB's Plea to the Jurisdiction. This is precisely the kind of arbitrary and inconsistent exercise of discretion that constitutes an abuse and requires reversal.

## VI. The Combined Errors Were Harmful and Require Reversal and Remand

But for the trial court's errors, Saucedo's claim would remain pending for resolution after appropriate jurisdictional development. The trial court's granting of the plea and denial of jurisdictional discovery was the rendition of an improper final judgment.

## PRAYER

Defendants respectfully request that this Court reverse the trial court's order granting Appellees' Plea to the Jurisdiction, vacate the order denying Saucedo's Motion to Compel Jurisdictional Discovery and remand the case to trial court to

---

[141] *In re Christianson Air Conditioning & Plumbing*, LLC, 639 S.W.3d 671, 676 (Tex. 2022).
[142] *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 643 (Tex. 2012).

permit jurisdictional discovery.

Saucedo further request such other and further relief to which he may show himself to be justly entitled.

Signed: January 5, 2026

Respectfully submitted,

**HYDE KELLEY LLP**
2806 Flintrock Trace, Suite A104
Austin, Texas 78738
Telephone: (512) 686-0700
Facsimile: (866) 929-1641

*/s/ George E. Hyde*
GEORGE E. HYDE
Texas State Bar No. 45006157
ghyde@txlocalgovlaw.com
MATTHEW L. WESTON
Texas State Bar No. 24037698
mweston@txlocalgovlaw.com

**ATTORNEYS FOR APPELLANT**
**David Saucedo**

## **COMPLIANCE CERTIFICATE**

In compliance with Tex. R. App. P. 9.4(i)(3), this is to certify that this brief of appellants contains no more than 5,825 words, which does not include the caption, identity of parties and counsel, statement regarding oral argument, table contents, index of authorities, statement of issues presented, signature, proof of service, certificate of compliance, or appendix.

/s/ George E. Hyde_____
GEORGE E. HYDE

CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on January 5, 2026, a true and correct copy of the forgoing document was served in accordance with Texas Rules of Appellate Procedure upon counsel of record in this cause via electronic service and email.

/s/ George E. Hyde_____
GEORGE E. HYDE

# APPENDIX

| | |
|---|---|
| **Appendix A** | September 25, 2025 Order Denying Plaintiff's Motion to Compel Jurisdictional Discovery, Motion for Continuance and Request for Attorney's Fees |
| **Appendix B** | October 20, 2025 Order Granting Defendant Texas Medical Board's Plea to the Jurisdiction |
| **Appendix C** | October 20, 2025 Order Denying Plaintiff's Motion for Reconsideration |
| **Appendix D** | Section 2001.171, Texas Government Code |
| **Appendix E** | Section 164.009, Texas Occupations Code |
| **Appendix F** | Section 154.056, Texas Occupations Code |

# Appendix A

Cause No. D-1-GN-23-002616

| | | |
|---|---|---|
| **DAVID SAUCEDO,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **TEXAS MEDICAL BOARD,** | § | |
| | § | |
| *Defendant.* | § | 126th  JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL JURISDICTIONAL DISCOVERY, MOTION FOR CONTINUANCE AND REQUEST FOR ATTORNEY'S FEES

This matter came before the Court upon Plaintiff's Motion to Compel discovery, Motion for Continuance, and Request for Attorney's Fees (the "Motion").  After considering Plaintiff's Motion, any responses to it, the arguments and authorities presented by counsel, and applicable law, the Court concludes that Plaintiff's Motion should be denied.

Accordingly, it is ORDERED that Plaintiff's Motion be and is DENIED.

Signed September 5, 2025.

_____
PRESIDING JUDGE

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 12/05/2025 02:41:52

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

127

# Appendix B

Cause No. D-1-GN-23-002616

| | | |
|---|---|---|
| **DAVID SAUCEDO,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **TEXAS MEDICAL BOARD,** | § | |
| | § | |
| *Defendant.* | § | 126th  JUDICIAL DISTRICT |

---

### ORDER GRANTING DEFENDANT
### TEXAS MEDICAL BOARD'S PLEA TO THE JURISDICTION

This matter came before the Court upon Defendant Texas Medical Board's (TMB) Amended Plea to the Jurisdiction (the "Plea").  After considering TMB's Plea, the response, Plaintiff's Original and all Amended Petitions, any evidence at the hearing, the arguments and authorities presented by counsel, and applicable law, the Court concludes that TMB's Plea is well taken and should be granted.

Accordingly, it is ORDERED that TMB's Plea be and is GRANTED.  It is further ORDERED that all of Plaintiff's claims against TMB are DISMISSED.

This judgment disposes of all claims against TMB and is final and appealable. All requested relief not specifically granted herein is denied.

Signed on October 20, 2025.

_____
PRESIDING JUDGE

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 12/05/2025 02:41:53

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

212

# Appendix C

Cause No. D-1-GN-23-002616

| | | |
|---|---|---|
| **DAVID SAUCEDO,** | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | TRAVIS COUNTY, TEXAS |
| | § | |
| **TEXAS MEDICAL BOARD,** | § | |
| | § | |
| *Defendant.* | § | 126th JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On this day this Court considered Plaintiff David Saucedo's Motion to Reconsider its Order of September 5, 2025, in which Plaintiff's Motion to Compel Jurisdictional Discovery, Motion for Continuance, and Request for Attorneys' Fees ("Motion") was denied. After considering the Motion, the response, the reply, the evidence, pleadings and briefings and the Court's entire file, the Court FINDS that Plaintiff's Motion should be and hereby is DENIED.

Signed October 20, 2025.          _____
          PRESIDING JUDGE

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 12/05/2025 02:41:53

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

211

# Appendix D

Vernon's Texas Statutes and Codes Annotated
   Government Code (Refs & Annos)
     Title 10. General Government (Refs & Annos)
       Subtitle A. Administrative Procedure and Practice
         Chapter 2001. Administrative Procedure (Refs & Annos)
           Subchapter G. Contested Cases: Judicial Review (Refs & Annos)

V.T.C.A., Government Code § 2001.171

## § 2001.171. Judicial Review

### Currentness

A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.

**Credits**

Added by Acts 1993, 73rd Leg., ch. 268, § 1, eff. Sept. 1, 1993.

V. T. C. A., Government Code § 2001.171, TX GOVT § 2001.171
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix E

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 3. Health Professions (Refs & Annos)
      Subtitle B. Physicians (Refs & Annos)
        Chapter 164. Disciplinary Actions and Procedures (Refs & Annos)
          Subchapter A. General Provisions

V.T.C.A., Occupations Code § 164.009

# § 164.009. Judicial Review

### Currentness

A person whose license to practice medicine has been revoked or who is subject to other disciplinary action by the board may appeal to a Travis County district court not later than the 30th day after the date the board decision is final.

**Credits**

Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999.

V. T. C. A., Occupations Code § 164.009, TX OCC § 164.009
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# Appendix F

Vernon's Texas Statutes and Codes Annotated
  Occupations Code (Refs & Annos)
    Title 3. Health Professions (Refs & Annos)
      Subtitle B. Physicians (Refs & Annos)
        Chapter 154. Public Interest Information and Complaint Procedures
          Subchapter B. Complaint Procedures

V.T.C.A., Occupations Code § 154.056

§ 154.056. General Rules Regarding Complaint Investigation; Disposition

Effective: September 1, 2023
Currentness

(a) The board shall adopt rules concerning the investigation and review of a complaint filed with the board. The rules adopted under this section must:

(1) distinguish among categories of complaints and give priority to complaints that involve sexual misconduct, quality of care, and impaired physician issues;

(2) ensure that a complaint is not dismissed without appropriate consideration;

(3) require that the board be advised of the dismissal of a complaint and that a letter be sent to the person who filed the complaint and to the physician who was the subject of the complaint explaining the action taken on the complaint;

(4) ensure that a person who files a complaint has an opportunity to explain the allegations made in the complaint;

(5) prescribe guidelines concerning the categories of complaints that require the use of a private investigator and the procedures for the board to obtain the services of a private investigator;

(6) provide for an expert physician panel authorized under Subsection (e) to assist with complaints and investigations relating to medical competency; and

(7) require the review of reports filed with the National Practitioner Data Bank for any report of the termination, limitation, suspension, limitation in scope of practice, or probation of clinical or hospital staff privileges of a physician by:

(A) a hospital;

(B) a health maintenance organization;

(C) an independent practice association;

(D) an approved nonprofit health corporation certified under Section 162.001; or

(E) a physician network.

(b) The board shall:

(1) dispose of each complaint in a timely manner; and

(2) establish a schedule for conducting each phase of a complaint that is under the control of the board not later than the 30th day after the date the board receives the complaint.

(c) The executive director shall notify the board of a complaint that is unresolved after the time prescribed by the board for resolving the complaint so that the board may take necessary action on the complaint.

(d) The board shall adopt other rules as appropriate to administer this subchapter.

(e) The board by rule shall provide for an expert physician panel appointed by the board to assist with complaints and investigations relating to medical competency by acting as expert physician reviewers. Each member of the expert physician panel must be licensed to practice medicine in a member state, as defined by Section 171.002. The rules adopted under this subsection must include provisions governing the composition of the panel, qualifications for membership on the panel, length of time a member may serve on the panel, grounds for removal from the panel, the avoidance of conflicts of interest, including situations in which the affected physician and the panel member live or work in the same geographical area or are competitors, and the duties to be performed by the panel. The board's rules governing grounds for removal from the panel must include providing for the removal of a panel member who is repeatedly delinquent in reviewing complaints and in submitting reports to the board. The board's rules governing appointment of expert physician panel members to act as expert physician reviewers must include a requirement that the board randomly select, to the extent permitted by Section 154.058(b) and the conflict of interest provisions adopted under this subsection, panel members to review a complaint who are:

(1) licensed to practice medicine in this state; or

(2) licensed to practice medicine in a member state, as defined by Section 171.002, if there are no panel members licensed to practice medicine in this state available to review the complaint in a timely manner.

(f) In the board rules adopted under Subsection (a)(3), the board shall require that the letter informing the person who filed the complaint of the dismissal of the complaint include an explanation of the reason the complaint was dismissed.

**Credits**

Acts 1999, 76th Leg., ch. 388, § 1, eff. Sept. 1, 1999. Amended by Acts 2003, 78th Leg., ch. 202, § 9, eff. June 10, 2003; Acts 2005, 79th Leg., ch. 269, § 1.17, eff. Sept. 1, 2005; Acts 2023, 88th Leg., ch. 827 (H.B. 1998), § 5, eff. Sept. 1, 2023.

V. T. C. A., Occupations Code § 154.056, TX OCC § 154.056
Current through the end of the 2025 Regular and Second Called Sessions of the 89th Legislature.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Victoria Wilhelm on behalf of George Hyde
Bar No. 45006157
vwilhelm@txlocalgovlaw.com
Envelope ID: 109708428
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 1/6/2026 1:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| George E.Hyde | | Ghyde@txlocalgovlaw.com | 1/6/2026 1:34:46 PM | SENT |
| Matthew Weston | | mweston@txlocalgovlaw.com | 1/6/2026 1:34:46 PM | SENT |
| Xi Li | | xli@txlocalgovlaw.com | 1/6/2026 1:34:46 PM | SENT |
| Patrick Todd | | Patrick.Todd@oag.texas.gov | 1/6/2026 1:34:46 PM | SENT |